UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DARLENE RUESS and JOANN FLAHERTY,<br><br>                Plaintiffs,<br><br>   v.<br><br>NBCUNIVERSAL MEDIA LLC f/k/a NBC UNIVERSAL, INC.,<br><br>                Defendants. | Case No. 1:13-cv-00747 (JMF)<br><br>**ECF Case** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant NBCUniversal Media LLC f/k/a NBC Universal, Inc. ("NBCUniversal") by and through its undersigned counsel, answers the complaint ("the Complaint") filed by Darlene Ruess and Joann Flaherty ("Plaintiffs") as follows:

PRELIMINARY STATEMENT

1. Denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring this action against NBCUniversal under the statutes cited therein.

JURISDICTION AND VENUE

2. Admits that Plaintiffs purport to assert jurisdiction under the states cited therein and does not respond to the remaining allegations in Paragraph 2 because they call for a legal conclusion.

3. Admits that NBCUniversal has a place of business in New York, New York and does not respond to the remaining allegations in Paragraph 3 because they call for a legal conclusion.

1

## THE PARTIES

4. Admits the allegations in Paragraph 4.

5. Denies the allegations in Paragraph 5, except admits that Plaintiff Ruess worked at NBCUniversal in the art department from 1998 to approximately December 2008.

6. Denies the allegations in Paragraph 6, except admits that Plaintiff Flaherty worked at NBCUniversal in the art department from 1994 to approximately December 2008.

7. Denies the allegations in Paragraph 7, except admits that Plaintiffs worked at NBCUniversal in New York, New York.

8. The allegations of Paragraph 8 constitute legal conclusions to which no response is required.

9. Admits the allegations in Paragraph 9.

## CONDITIONS PRECEDENT

10. Lacks information sufficient to admit or deny the allegations in Paragraph 10.

11. The allegations of Paragraph 11 constitute legal conclusions to which no response is required; however, to the extent a response is required, NBCUniversal denies the allegations contained in Paragraph 11, except admits that Plaintiffs Flaherty and Ruess filed charges of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") against NBCUniversal.

12. Lacks information sufficient to admit or deny the allegations in Paragraph 12.

13. Lacks information sufficient to admit or deny the allegations in Paragraph 13.

14. Admits that the EEOC issued Determination letters dated May 24, 2012 and refers to the Determination letters for the best evidence of their contents.

15. Lacks information sufficient to admit or deny the allegations in Paragraph 15.

16. Lacks information sufficient to admit or deny the allegations in Paragraph 16.

17. Lacks information sufficient to admit or deny the allegations in Paragraph 17.

18. Lacks information sufficient to admit or deny the allegations in Paragraph 18.

19. Lacks information sufficient to admit or deny the allegations in Paragraph 19.

20. Lacks information sufficient to admit or deny the allegations in Paragraph 20.

21. Lacks information sufficient to admit or deny the allegations in Paragraph 21.

22. Lacks information sufficient to admit or deny the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23.

## FACTS

24. Denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25, except admits that Plaintiff Flaherty began working on graphics in NBCUniversal's art department in 1994 and that in or around 1996 she began working on graphics projects for sports.

26. Denies the allegations in Paragraph 26, except admits the Plaintiff Flaherty worked in NBCUniversal's art department on graphics for news and sports programs and that her projects included the Olympics, Wimbledon, and the Preakness Stakes.

27. Denies the allegations in Paragraph 27, except admits that Plaintiff Ruess began working on graphics in NBCUniversal's art department in 1998 and that her duties included graphics projects for sports.

28. Denies the allegations in Paragraph 28, except admits that Plaintiff Ruess worked in NBCUniversal's art departments on graphics and that her projects included Olympics, U.S. Open Golf, the Ryder Cup, French Open, NASCAR, and NBA.

29. Denies the allegations in Paragraph 29.

30. Denies the allegations in Paragraph 30, except admit that John Schleef was hired by NBCUniversal as NBC Sports Art Director and that his office was located in Connecticut.

31. Denies the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32.

33. Admits the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies the allegations in Paragraph 35, except admits that Mr. Schleef and Plaintiff Flaherty discussed her staffing on sports art projects and is unable to respond to the remaining allegations of Paragraph 35 due to its indeterminate time period; to the extent a response is required, NBCUniversal admits that at some point during Ms. Flaherty's employment with the NBCUniversal art department, the two individuals working on NFL art projects were male.

36. Denies the allegations in Paragraph 36.

37. Denies the allegations in Paragraph 37.

38. Denies the allegations in Paragraph 38, except admits that two women that worked in the NBCUniversal art department worked on graphics for the 2008 Olympics.

39. Denies the allegations in Paragraph 39.

40. Denies the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42.

43. Admits the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44, except admits that, in approximately December 2008, Plaintiff Flaherty and Carmen White spoke about potential future opportunities in the NBCUniversal art department.

45. Denies the allegations contained in Paragraph 45.

46. Lacks information sufficient to admit or deny the allegations in Paragraph 46.

4

47.     Lacks information sufficient to admit or deny the allegations in Paragraph 47.

48.     Denies the allegations in Paragraph 48.

49.     Denies the allegations in Paragraph 49, except admits that Mark Stroming worked in the NBCUniversal arts department on sports projects until approximately December 2008 and was re-engaged by the art department in late 2009 to perform limited sports projects.

50.     Denies the allegations in Paragraph 50.

51.     Denies the allegations in Paragraph 51.

52.     Denies the allegations in Paragraph 52.

## FIRST CAUSE OF ACTION

53.     Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

54.     Denies the allegations in Paragraph 54.

55.     Denies the allegations in Paragraph 55.

56.     Denies the allegations in Paragraph 56.

57.     Denies the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

## SECOND CAUSE OF ACTION

60.     Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

61.     Denies the allegations in Paragraph 61.

62.     Denies the allegations in Paragraph 62.

63.     Denies the allegations in Paragraph 63.

64.     Denies the allegations in Paragraph 64.

65. Denies the allegations in Paragraph 65.

66. Denies the allegations in Paragraph 66.

## THIRD CAUSE OF ACTION

67. Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

68. Denies the allegations in Paragraph 68.

69. Denies the allegations in Paragraph 69.

70. Denies the allegations in Paragraph 70.

71. Denies the allegations in Paragraph 71.

## FOURTH CAUSE OF ACTION

72. Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

73. Denies the allegations in Paragraph 73.

74. Denies the allegations in Paragraph 74.

75. Denies the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

## FIFTH CAUSE OF ACTION

77. Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. Denies the allegations in Paragraph 81.

82. Denies the allegations in Paragraph 82.

## SIXTH CAUSE OF ACTION

83. Repeats and hereby incorporates as if fully set forth herein the responses stated in the paragraphs above.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are untimely because they failed to file their claims with the EEOC within 300 days of the alleged unlawful practice.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are untimely because they failed to file their claims with this Court within 90 days of receipt of their notices of right to sue from the EEOC.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred, in whole or in part, because they were terminated for lawful, non-discriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred in whole or in part, or their recoverable damages should be reduced, because they failed to take reasonable steps to minimize or mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are barred in whole or in part, or their recoverable damages should be reduced, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs fail to state a cause of action against NBCUniversal for punitive damages in that punitive damages violate NBCUniversal's due process of law rights.

WHEREFORE, NBCUniversal respectfully requests and prays as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice and judgment be granted in NBCUniversal's favor;

3. That NBCUniversal recover its costs of suit, including attorneys' fees; and

4. That the Court award NBCUniversal such other and further relief as the Court deems just and proper.

Dated: April 15, 2013
New York, New York

    NBCUniversal Media LLC

    By: _s/Chelley E. Talbert_
      Chelley E. Talbert (CT-7208)

    30 Rockefeller Plaza
    New York, New York 10112-0002
    chelley.talbert@nbcuni.com
    (212) 664-2527

*Attorneys for Defendant NBCUniversal Media LLC*