# Joseph & Kirschenbaum LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Matthew D. Kadushin
Michael D. Palmer
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 25, 2013

April 25, 2013

**VIA EMAIL**

Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall
United States Courthouse
40 Centre Street
New York, NY 10007-1312
Furman_NYSDChambers@nysd.uscourts.gov

Re: *Ruess, et al v. NBCUniversal Media LLC*
No. 1:13-CV-00747-JMF

**JOINT LETTER TO THE COURT**

Dear Judge Furman:

In compliance with the Court's February 15, 2013 order, the Parties jointly submit the following information to the Court.

**1. A brief statement of the nature of the action and the principal defenses thereto.**

Darlene Ruess and Joann Flaherty ("Plaintiffs") are former NBCUniversal daily hire employees who allege that they were subjected to gender discrimination and retaliation. Following Defendant's alleged wrongful termination of both Plaintiffs, they filed claims with the Equal Employment Opportunity Commission ("EEOC"). After investigation by the agency, the EEOC issued determinations finding reasonable cause to determine the Plaintiffs were subjected to discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

On February 1 2013, Plaintiffs filed a complaint in the United States District Court for the Southern District of New York ("Court"), Case Number 13-cv-0747 (the "Lawsuit") alleging they (1) were subjected to disparate treatment, including termination, on the basis of their gender

and (2) were retaliated against for complaining about alleged discriminatory practices. Plaintiffs allege that Defendant violated Title VII, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and the New York City Human Rights Law, N.Y. City Administrative Code § 8-101 *et seq.*

Defendant denies all allegations by Plaintiffs. Specifically, Defendant avers that Plaintiffs were removed from the daily-hire schedule for legitimate, non-discriminatory reasons and that Plaintiffs were not subjected to retaliation. Defendant further alleges that Plaintiffs' claims were not timely brought before this Court.

**2. A brief explanation of why jurisdiction and venue lie in this Court.**

This Court has subject matter jurisdiction over Plaintiffs' Title VII claims pursuant to 28 U.S.C. §1331, because these claims arise under the laws of the United States. Plaintiffs allege that this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper because Defendant conducts business in this District, and the alleged acts and/or omissions giving rise to the claims herein alleged took place in this District.

**3. A Statement of all existing deadlines, due dates and/or cut-off dates;**

There are currently no outstanding due dates and/or cut-off dates.

**4. A brief description of all outstanding motions and/or outstanding requests to file motions.**

There are currently no outstanding motions or requests to file motions.

**5. A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.**

The parties previously exchanged relevant documents as part of the investigation by the Equal Employment Opportunity Commission and a private pre-litigation mediation. The parties will meet and confer as to whether the exchange of additional documents and information would be useful for further mediation proceedings.

**5. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

Prior to filing this complaint, the Parties engaged in a full-day of private mediation.

**6. The estimated length of trial.**

One Week

7. **Any other information that you believe may assist this Court in resolving this action.**

N/A

Respectfully submitted,

Matthew Kadushin
D.Maimon Kirschenbaum
Michael Palmer
JOSEPH & KIRSCHENBAUM
*Attorneys for Plaintiffs*

Chelley E. Talbert, Esq.
NBCUniversal Media, LLC
30 Rockefeller Plaza
New York, NY 10112
Chelley.Talbert@nbcuni.com

cc: Chelley E. Talbert (via email)